# EXHIBIT 1

1 SOS CIT ESERVE
JURY DEMAND

Case 3:21-cv-01044-E   Document 1-1   Filed 05/07/21   Page 2 of 13   PageID 7

FILED
3/10/2021 6:01 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

CAUSE NO. DC-21-03138

| | | |
|---|---|---|
| PATRICIA DIANN POLK, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | OF DALLAS COUNTY, TEXAS |
| GATEWAY FOUNDATION, INC. d/b/a GATEWAY FOUNDATION CORRECTIONS, | § § § § | |
| Defendant. | § § | 44th _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

### I.

### INTRODUCTION

Patricia Diann Polk ("Plaintiff") files this Original Petition against Gateway Foundation, Inc. d/b/a Gateway Foundation Corrections ("Defendant").

### II.

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

### III.

### PARTIES

2. Plaintiff is an individual and a citizen of Dallas County, Texas. The last three numbers of her social security number are 903 and the last three numbers of her Texas driver's license are 759.

3. Defendant is a corporation organized under the laws of the state of Illinois with its principal place of business located at 55 East Jackson Blvd., Chicago, IL 60604. Pursuant to Section 5.251(2)(A) of the Texas Business Organizations Code, Defendant may be served by

---

Plaintiff's Original Petition                                                                                    Page 1

serving the Texas Secretary of State, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079. The Texas Secretary of State should forward Plaintiff's Petition and citation by certified mail, return receipt requested, to Defendant at its principal place of business located at 55 East Jackson Blvd., Chicago, IL 60604.

## IV.

## JURISDICTION

4.   The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5.   Plaintiff seeks monetary relief over $1,000,000.00.

## V.

## VENUE

6.   Venue is proper in Dallas County because all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Dallas County.[1]

## VI.

## BACKGROUND FACTS

7.   Plaintiff worked for Defendant as a Direct Care Monitor from on or about December 18, 2019 until she was wrongfully terminated on or about June 4, 2020.

8.   Plaintiff injured her head, right heel, and neck at work on January 22, 2020.

9.   Plaintiff filed for and received workers' compensation benefits and returned to work with restrictions, including a restriction that Plaintiff could not work more than eight hours per day from February 7, 2020 through April 21, 2020.

10.  Defendant repeatedly scheduled Plaintiff to work shifts over 8 hours long, and Plaintiff had to constantly remind her boss, Michael Brown, about her restrictions.

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

11. On one occasion, Mr. Brown accused Plaintiff of lying about her release, even though Defendant's workers' compensation provider had informed Defendant of Plaintiff's continuing restrictions. Mr. Brown claimed he had paperwork releasing Plaintiff to work as of February 21, 2020, which was not true.

12. On March 6, 2020, Plaintiff emailed Human Resources informing them that she had spoken several times with Michael Brown about being forced to work overtime while she was still on restrictions and that it continued to be a problem.

13. On March 7, 2020, Plaintiff emailed Bobby Wheeler concerning the overtime hours issue. Plaintiff explained to Mr. Wheeler that she was consistently being asked to work more hours than her restrictions allowed.

14. On March 13, 2020, just days after complaining about her restrictions not being accomodated, Plaintiff was warned and coached for being absent on January 22, January 30, February 8, February 21, and February 29, 2020. These absences were the date of the injury, appointments with the workers' compensation doctor, and physical therapy.

15. On April 23, 2020, Plaintiff was released to return to work full time and was immediately given three consecutive 16 hour shifts. After Plaintiff was released to return to work full time, Plaintiff had to call in occasionally because the consecutive long shifts caused her considerable pain.

16. On May 13, 2020, Plaintiff was warned and coached for being absent on April 2, April 10, May 1, and May 9, 2020. Again, most, if not all, of these absences were related to her injury.

17. On June 4, 2020, Plaintiff was terminated for attendance issues. Defendant claimed Plaintiff was absent ten times from March 13, 2020 through May 23, 2020; however the

dates of Plaintiff's absences coincide with the dates she was out for medical treatment related to the injuries and disabilities she suffered on the job while working for Defendant.

## VII.

## CONDITIONS PRECEDENT

18. Plaintiff filed the attached Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

19. The Charge was filed within 180 days after Plaintiff was terminated.

20. More than 180 days have passed since the Charge was filed and no action has been taken.

21. Plaintiff has timely exhausted all of her administrative remedies.

## VIII.

## CAUSES OF ACTION

A. **Cause of Action—Workers' Compensation Discrimination—Texas Labor Code section 451.001**

22. Plaintiff incorporates each of the foregoing paragraphs.

23. Defendant discriminated against Plaintiff because she filed a claim for workers' compensation benefits.

24. Defendant's actions violated section 451.001 of the Texas Labor Code.

B. **Cause of Action—Workers' Compensation Discriminatory Discharge—Texas Labor Code section 451.001**

25. Plaintiff incorporates each of the foregoing paragraphs.

26. Defendant terminated Plaintiff's employment because she filed a claim for workers' compensation benefits.

27. Defendant's actions violated section 451.001 of the Texas Labor Code.

### C. Cause of Action—Disability Discrimination—Failure to Accommodate—TCHRA

28. Plaintiff incorporates each of the foregoing paragraphs.

29. Plaintiff requested a reasonable medical accommodation.

30. Defendant refused to provide Plaintiff with a reasonable medical accommodation.

31. Defendant's actions violated section 21.051 of the Texas Labor Code.

### D. Cause of Action—Disability Discrimination—TCHRA

32. Plaintiff incorporates each of the foregoing paragraphs.

33. Defendant discriminated against Plaintiff because of her disability and/or perceived disability and/or record of a disability and/or because it regarded her as disabled.

34. Defendant's actions violated section 21.051 of the Texas Labor Code.

### E. Cause of Action—Wrongful Termination—Disability Discrimination—TCHRA

35. Plaintiff incorporates each of the foregoing paragraphs.

36. Defendant terminated Plaintiff's employment because of her disability and/or perceived disability and/or record of a disability and/or because it regarded her as disabled.

37. Defendant's actions violated section 21.051 of the Texas Labor Code.

### F. Cause of Action—Unlawful Retaliation—TCHRA

38. Plaintiff incorporates each of the foregoing paragraphs.

39. Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

40. In response, Defendant retaliated against Plaintiff and ultimately terminated her employment.

41. Defendant's actions violated section 21.055 of the Texas Labor Code.

## IX.

## DAMAGES

42.  Plaintiff incorporates each of the foregoing paragraphs.

43.  Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

44.  Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

45.  Plaintiff seeks all damages available to her under the TCHRA.

46.  Because Defendant's actions were done with actual malice, Plaintiff is entitled to recover punitive damages from Defendant.

47.  Plaintiff seeks all damages available to her under the Texas Anti-Retaliation Statute.

## X.

## ATTORNEYS' FEES AND COSTS

48.  Plaintiff incorporates each of the foregoing paragraphs.

49.  Plaintiff retained the services of undersigned counsel to prosecute her claims.

50.  Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## XI.

## INJUNCTIVE AND DECLARATORY RELIEF

51.  Plaintiff incorporates each of the foregoing paragraphs.

52. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a.    Prohibiting Defendant from engaging in unlawful discrimination;

    b.    Reinstating Plaintiff's employment with Defendant with backpay;

    c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d.    Paying court costs;

    e.    A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f.    Any additional equitable relief the Court deems proper.

## XII.

## RESPONDEAT SUPERIOR

53. Plaintiff incorporates each of the foregoing paragraphs.

54. Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

## XIII.

## PRESERVATION OF EVIDENCE

55. Defendant is hereby given notice that any document or other material, including electronically stored information that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## XIV.

## NOTICE PURSUANT TO RULE 193.7

56. Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

## XV.

## JURY DEMAND

57. Plaintiff demands a trial by jury.

## XVI.

## PRAYER

58. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

    A. Back pay and front pay (including benefits);

    B. Compensatory damages;

    C. Punitive damages;

    D. Reasonable attorneys' fees and expert fees;

    E. Injunctive and declaratory relief, including but not limited to, an Order:

        a. Prohibiting Defendant from engaging in unlawful discrimination;

        b. Reinstating Plaintiff's employment with Defendant with backpay;

        c. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

        d. Paying court costs;

        e. A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in

unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

  f.  Any additional equitable relief the Court deems proper;

F.  Court costs;

G.  Pre-judgment and post-judgment interest at the rate set by law; and

H.  All legal or equitable relief this Court deems proper.

Respectfully submitted,

*/s/ Jamie J. Gilmore*
Jamie J. Gilmore
Texas Bar No. 24045262
jgilmore@galyen.com
Brittney L. Thompson
Texas Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Telephone: 817-276-6000
Facsimile: 817-276-6010
**ATTORNEYS FOR PLAINTIFF**

EEOC Form 5 (11/09)

|  |  |
|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:  Agency(ies) Charge No(s):<br>☐ FEPA<br>☒ EEOC  450-2020-05632 |

**Texas Workforce Commission Civil Rights Division** _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Patricia D. Polk | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Gateway Corrections** | **Unknown** | **972-441-6160** |

| Street Address | City, State and ZIP Code |
|---|---|
| **200 Greene Rd, Lancaster, TX 75150** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest: **01.22.2020**  Latest: **06.04.2020**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Personal Harm:**
I was employed by Gateway Corrections as a Direct Care Monitor from December 18, 2019 until June 4, 2020. I injured my head, right heel, and neck at work on January 22, 2020. I received worker's compensation, and I returned to work with restrictions including a restriction that I could not work more than eight hours per day. My employer repeatedly scheduled me for shifts over 8 hours, and I had to constantly remind him about my restrictions. On one occasion, he accused me of lying about my release even though worker's compensation had informed my employer about my continuing restrictions. On April 23, 2020, I was released to return to work full time and was immediately given three consecutive 16 hour shifts. I called in twice in May because I was in so much pain.

I was terminated on June 4, 2020, for attendance issues. My employer claimed I was absent ten times from March 13, 2020, through May 23, 2020. The dates of my absences coincide with the dates I was out for medical treatment related to my injuries and disabilities. I was treated unfairly because of my disability. A coworker without disabilities was absent four days during her 90 days probationary period and was not disciplined.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*Patricia Polk* |
| 07/14/2020    *Patricia Polk*<br>Date                       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

Texas Workforce Commission Civil Rights Division _____ and EEOC
*State or local Agency, if any*

**Respondent's Reason for Adverse Action:**
Alleged attendance Issues.

**Discrimination Statement:**
I have been discriminated against and harassed because of my disability (head, right heel, and neck injuries) in violation of the Americans with Disabilities Act, as amended, and the Texas Commission on Human Rights Act.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

07/14/2020   *Patricia Polk*
*Date*   *Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT   *Patricia Polk*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jamie Gilmore on behalf of Jamie Gilmore
Bar No. 24045262
jgilmore@galyen.com
Envelope ID: 51353170
Status as of 3/15/2021 8:56 AM CST

Associated Case Party: PATRICIADIANNPOLK

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jamie J.Gilmore | | jgilmore@galyen.com | 3/10/2021 6:01:29 PM | SENT |
| Eli Rodriguez | | elirodriguez@galyen.com | 3/10/2021 6:01:29 PM | SENT |
| Brittney L.Thompson | | bthompson@galyen.com | 3/10/2021 6:01:29 PM | SENT |